NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN H. LAMONS,<br><br>    Petitioner,<br><br> vs.<br><br>HAWS, Warden,<br><br>    Respondent. | No. C 10-00958 JF (PR)<br><br>ORDER GRANTING MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY<br><br><br><br>(Docket No. 9.) |

Petitioner, a California inmate proceeding pro se, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. Respondent has moved to dismiss the petition as successive. (Docket No. 9.) Petitioner filed opposition, and Respondent filed a reply. For the reasons discussed below, the Court grants Respondent's motion to dismiss.

**BACKGROUND**

In April 1990, Petitioner pleaded guilty in Alameda County Superior Court to first degree murder. (Pet. 2.) Petitioner was sentenced to 26 years-to-life in state prison. (Id.) Petitioner did not appeal the conviction. (Id. at 3.) Petitioner most

recently filed state habeas petitions raising the claims in the instant petition in 2009, with the California Supreme Court denying review on December 17, 2009. (Id. at 5.) Petitioner filed the instant federal petition on March 5, 2010.

## DISCUSSION

A claim presented in a second or successive petition under 28 U.S.C. § 2254 that was presented in a prior petition must be dismissed. See 28 U.S.C. § 2244(b)(1); Babbitt v. Woodford, 177 F.3d 744, 745-46 (9th Cir. 1999). A new factual basis for a claim previously presented is not sufficient to prevent it from falling under this section. See id. at 746 (ineffective assistance claim based on counsel's alcohol abuse successive of claim that counsel failed to present Post Traumatic Stress Disorder claim). Before a second or successive petition may be filed in the district court, the petitioner must first obtain an order from the court of appeals authorizing the district court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A). Accordingly, a district court must dismiss any new claims raised in a successive petition unless the petitioner received an order from the court of appeals authorizing the district court to consider the petition. See id. § 2244(b)(2).

Respondent contends that Petitioner filed a habeas petition in this Court, Case No. C 93-1734 CAL, on May 11, 1993, which the Court denied on the merits on August 8, 1994. (Mot. to Dismiss at 2, Ex. A.) Petitioner appealed to the Ninth Circuit Court of Appeals, which affirmed the Court's denial of habeas relief on April 3, 2002. (Id., Ex. B.) Respondent also argues that Petitioner filed at least one other federal habeas petition, Case No. C 95-0300 CAL, addressing his murder conviction. (Id.)

In opposition, Petitioner does not deny that he filed previous federal habeas petitions as shown by Respondent. Rather, he asserts that the requirement of 28 U.S.C. § 2244(b)(3)(A) does not apply to him because he filed his first federal habeas petition before the 1996 passage of the Antiterrorism and Effective Death

Penalty Act ("AEDPA"). (Oppo. at 4; Docket No. 10.) In reply, Respondent argues that the instant petition is a successive petition filed after AEDPA was enacted, and is therefore subject to AEDPA's second and successive provisions. (Reply at 2; Docket No. 11.)

AEDPA does not provide an effective date for its general habeas provisions, see Williams v. Calderon, 83 F.3d 281, 286 n.2 (9th Cir. 1996), and the Ninth Circuit has found that § 2244 does not apply to second or successive petitions pending in the district court before the Act was signed into law. See id. at 285-86.[1] However, as Respondent correctly points out, the instant successive petition was filed after AEDPA was enacted. Accordingly, the second and successive provisions of AEDPA is applicable under United States v. Villa-Gonzalez, 208 F.3d 1160, 1163 (9th Cir. 2000), such that an authorization order from the court of appeals is necessary before this Court may consider the instant successive petition. See 28 U.S.C. § 2244(b)(2).

The instant petition challenges the same sentence as the previous petition and Petitioner has not presented an order from the Ninth Circuit Court of Appeals authorizing this Court to consider any new claims. See 28 U.S.C. § 2244(b)(3)(A). It is undisputed that Petitioner's first petition was adjudicated on the merits in an order denying the petition on August 8, 1994. See *supra* at 2. Accordingly, this Court must dismiss the instant petition in its entirety.

## CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss the petition as successive, (Docket No. 9), is GRANTED. The instant petition is DISMISSED as a

---

[1] The Ninth Circuit has held that Williams "assume[d], without deciding" that AEDPA did not apply to new claims in a pre-AEDPA petition that were exhausted after the enactment of that act, "because even without giving him the benefit of the more favorable pre-enactment law, we deny his claims." Stankewitz v. Woodford, 365 F.3d 706, 713 (9th Cir. 2004) (citation omitted).

Order Granting Motion to Dismiss
P:\PRO-SE\SJ.JF\HC.10\Lamons00958_grant-mtd (succ).wpd      3

1  successive petition pursuant to § 2244 (b)(1).

2  No certificate of appealability is warranted in this case.  See Rule 11(a) of the
Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (requiring district court to
rule on certificate of appealability in same order that denies petition).  Petitioner has
not shown "that jurists of reason would find it debatable whether the petition states a
valid claim of the denial of a constitutional right and that jurists of reason would find
it debatable whether the district court was correct in its procedural ruling."  Slack v.
McDaniel, 529 U.S. 473, 484 (2000).

This order terminates Docket No. 9.

IT IS SO ORDERED.

DATED:  6/17/11

JEREMY FOGEL
United States District Judge

Order Granting Motion to Dismiss
P:\PRO-SE\SJ.JF\HC.10\Lamons00958_grant-mtd (succ).wpd    4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JONATHAN LAMONS,

        Petitioner,

  v.

HAWS, Warden,

        Respondent.
                              /

Case Number: CV10-00958 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on  7/21/11  , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jonathan H. Lamons E-60677
CA State Prison-Los Angeles County
P.O. Box 4610
44750 60th Street West
Lancaster, CA 93536-7620

Dated:  7/21/11

                                          Richard W. Wieking, Clerk